**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CRISTIAN JOSUÉ MADRID MADRID,** *Petitioner,*<br><br>v.<br><br>**BRIAN MCSHANE,** Field Office Director, Philadelphia Field Office, ICE; **JAMAL LAWRENCE,** Warden, Philadelphia Federal Detention Center, *Respondents.* | **Civil No. 26-7175** |

**MEMORANDUM**

**Costello, J.** **October 23, 2026**

Petitioner Cristian Josué Madrid Madrid is a citizen of Guatemala who entered the United States in 2008. On September 14, 2026, Immigration and Customs Enforcement ("ICE") detained him under 8 U.S.C. § 1226(a). While detained at the Federal Detention Center in Philadelphia, Pennsylvania (the "FDC"), Madrid Madrid filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, arguing that his detention violates his substantive and procedural due process rights. The Government opposed the Petition. The Court finds that Madrid Madrid's claims are not yet ripe, because he failed to exhaust his administrative remedies. Accordingly, the Court will deny the Petition.

## I. FACTUAL BACKGROUND

Madrid Madrid entered the United States in 2008. ECF No. 1 ¶ 1. On September 14, 2026, ICE arrested and detained him during an enforcement operation near his residence. *Id.* ¶ 2; ECF No. 4 at 4; ECF No. 4-3 at 2. Around 7:00 a.m., officers observed Madrid Madrid, determined he matched the physical description of the target individual, and attempted to interview him. ECF No. 4-3 at 2. He fled, but officers subsequently apprehended him and

conducted a field interview. *Id.* After learning that Madrid Madrid was unlawfully present in the United States, officers took him into custody. *Id.*

On the day of his arrest, officers gave Madrid Madrid a Notice of Custody Determination, Warrant for Arrest of Alien, and Notice to Appear. *See* ECF Nos. 4-1, 4-2, & 4-4. The Notice advised him that he could "request a review of his custody determination by an immigration judge." ECF No. 4-1 at 1. Madrid Madrid requested this review, but as of September 28, 2026, it had not yet occurred. *Id.*; ECF No. 5 at 3.

## II. LEGAL STANDARD

A writ of habeas corpus is available "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A district court may grant a writ of habeas corpus if a petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This includes a noncitizen's challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 523 (2003) ("[T]he Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." (citation and quotations omitted)).

## III. DISCUSSION

The Government argues that the Petition must be denied because Madrid Madrid failed to exhaust his administrative remedies before seeking federal habeas relief. ECF No. 4 at 2, 6-10. The Court agrees.

Habeas petitioners "are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." *Moscato v. Fed. Bureau of*

*Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). However, exhaustion is not required if it would be futile. *Cerverizzo v. Yost*, 380 F. App'x 115, 116 (3d Cir. 2010). A futile argument is not the same as one that would have likely failed. *See Ubaid v. Jamison*, No. 26-cv-2681, 2026 WL 1346670, at *3 (E.D. Pa. May 14, 2026).

As the Third Circuit has explained, the exhaustion requirement "(1) promotes administrative efficiency by 'preventing premature interference with the agency processes,' (2) respects executive autonomy by allowing an agency the 'opportunity to correct its own errors,' (3) facilitates judicial review by affording courts the benefit of the agency's experience and expertise, and (4) serves judicial economy by having the agency or other tribunal . . ., compile a factual record." *Cerro Metal Prods. v. Marshall*, 620 F.2d 964, 970 (3d Cir. 1980). Additionally, "[r]equiring exhaustion is 'particularly important in the resolution of cases involving constitutional issues[.]'" *Piatukho v. Jamison*, No. 26-cv-6413, 2026 WL 2719267, at *4 (E.D. Pa. Sept. 15, 2026) (quoting *Republic Indus., Inc. v. Cent. Pennsylvania Teamsters Pension Fund*, 693 F.2d 290, 293 (3d Cir. 1982) ("If the administrative tribunal decides a case on nonconstitutional grounds, the court may find it unnecessary to proceed with constitutional adjudication. In this way, exhaustion furthers the concept of judicial restraint.")).

Madrid Madrid is detained under 8 U.S.C. § 1226(a). Section 1226(a) provides that the Attorney General "may arrest and detain" a noncitizen "pending a decision on whether the [noncitizen] is to be removed from the United States." This statutory framework provides administrative remedies, including the ability to request a bond redetermination before an immigration judge, and the ability to appeal the immigration judge's bond decision to the Board of Immigration Appeals ("BIA"). *Gomez v. Jamison*, No. 26-cv-3879, 2026 WL 1959116, at *2 (E.D. Pa. July 6, 2026). During this process, a petitioner may be released if he convinces the

officer or immigration judge that he "poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397-98 (2019).

Here, Madrid Madrid admittedly has not exhausted the available process. While he requested a bond redetermination hearing, that proceeding remains pending. ECF No. 4-1 at 1. If the immigration judge decides he is properly detained, he will have the opportunity to appeal that determination to the BIA. Because this process is still ongoing, Madrid Madrid's claims are not yet ripe. *See Beradze v. Jamison*, No. 26-cv-7111, 2026 WL 2859721, at *1 (E.D. Pa. Sept. 23, 2026); *Kumar v. Warden, Philadelphia Fed. Det. Ctr.*, No. 26-cv-6689, 2026 WL 2836549, at *2 (E.D. Pa. Sept. 21, 2026); *Piatukho*, 2026 WL 2719267, at *2-3; *Torres-Duran v. Blanche*, No. 26-cv-3586, 2026 WL 1878605, at *2-4 (E.D. Pa. June 30, 2026).

Madrid Madrid nevertheless argues that exhaustion should be excused in his case. First, he suggests that the agency cannot grant relief because, among other things, neither the immigration judge nor the BIA can rule on constitutional challenges. ECF No. 5 at 4. In support of this argument, Madrid Madrid relies on *McCarthy v. Madigan*, 503 U.S. 140 (1992). In that case, the Court excused exhaustion in part because the prison grievance process lacked a mechanism to grant the sole relief sought—monetary damages. *Id.* at 149-51. Here, however, the issue is not whether the agency can grant the requested relief for the requested reasons. Instead, the issue is whether the agency can grant effective relief. *McCarthy*, 503 U.S. at 147-48. In this case, the pending bond redetermination hearing can provide Madrid Madrid the same practical remedy he asks of this Court—an individualized assessment or release. Because the agency has the authority to grant this relief, which may obviate the need to adjudicate his constitutional claims, exhaustion is not excused.

Second, Madrid Madrid argues that irreparable harm will occur because every day of detention is a loss of liberty that no later ruling can restore. ECF No. 5 at 4. In *Lyons v. U.S.*

*Marshals*, the Third Circuit noted that exhaustion may be excused "if the administrative procedure is clearly shown to be inadequate to prevent irreparable injury." 840 F.2d 202, 205 (3d Cir. 1988). This Court possesses no greater power to undo Madrid Madrid's time in custody than the agency does, and the pending redetermination hearing can provide the same relief. Accordingly, the administrative procedure that remains available to Madrid Madrid is not inadequate to prevent irreparable injury.

Finally, Madrid Madrid notes that a hearing has not occurred yet. ECF No. 5 at 4. A court may find exhaustion futile if the government, through inaction, frustrates a petitioner's attempts to exhaust. *See Doe v. Jamison*, No. 26-cv-1906, 2026 WL 916568, at *4 (E.D. Pa. Mar. 31, 2026) (repeated requests for a bond hearing and bond redetermination were not addressed). To date, there is nothing to suggest that the Government has ignored repeated requests or has negligently or willfully delayed Madrid Madrid's hearing.

## IV. CONCLUSION

Madrid Madrid must exhaust his available administrative remedies before this Court may consider his request for habeas relief. Because he has not done so, the Court will deny his Petition. An appropriate Order follows.

**BY THE COURT:**

Mary Kay Costello

MARY KAY COSTELLO, J.